## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **CRIMINAL NO. 3:16-265** |
| **CHRISTIAN ROSADO,** | **:** | **(JUDGE MANNION)** |
| **Defendant** | **:** | |

## MEMORANDUM

Before the court is the *pro se* motion to vacate conviction and correct sentence pursuant to 28 U.S.C. §2255 filed by the defendant Christian Rosado on the basis of his actual innocence, ineffective assistance of counsel, and defects in his Indictment and guilty plea. (Doc. 60). For the reasons set forth below, the motion will be **DENIED** without the need for an evidentiary hearing.

### I.    BACKGROUND

By way of relevant background, on September 13, 2016, a grand jury returned a four-count Indictment against Defendant. (Doc. 1). On December 18, 2017, Defendant entered into a plea agreement wherein he agreed to plead guilty to Counts 2 and 3 of the Indictment in which he was charged with possession and discharge of a firearm in furtherance of a drug trafficking

crime under 18 U.S.C. §924(c), and being a prohibited person in possession of a firearm under 18 U.S.C. §922(g)(1). (Doc. 29). On September 15, 2017, Defendant appeared in court, the court granted his motion to withdraw his plea of not guilty, and Defendant entered a guilty plea to Counts 2 and 3. (Doc. 33). The remaining Counts were dismissed.

A Presentence Report ("PSR") was ordered by the court and prepared by the United States Probation Office. A draft PSR was distributed to the parties on March 13, 2018, and a final PSR on April 6, 2018. The PSR concluded that Defendant should be sentenced as a career offender under §4B1.1 of the United States Sentencing Guidelines due to his two prior Florida felony convictions in 2010: one for aggravated battery with a deadly weapon and one for domestic battery by strangulation. Defendant filed a sentencing memorandum, arguing against the career offender designation on the basis that the two Florida convictions should not be considered "crimes of violence." (Doc. 42). The government also filed a sentencing memorandum on June 20, 2018, arguing the convictions did constitute crimes of violence. (Doc. 45).

On June 21, 2018, the Honorable James M. Munley sentenced Defendant to 262 months' imprisonment. (Doc. 47). The court ultimately overruled Defendant's objection, agreeing with the government that the

Florida convictions constituted crimes of violence. Pertinent here, the court concluded that Defendant's aggravated battery conviction was "equal to if not more severe than aggravated assault, which is an enumerated offense," and his domestic battery conviction necessarily included, as an element, the use, threatened use, or attempted use of physical force, and thus was a crime of violence. (Doc. 57, at 7).

Consistent with his objections to the PSR, Defendant filed an appeal on the theory that neither of his predicate convictions were crimes of violence under §4B1.1. The government conceded that the court improperly classified the aggravated battery conviction as an enumerated offense on the basis that it was equivalent to aggravated assault; however, the government argued that it nevertheless qualified as a crime of violence under the elements clause of §4B1.2(a)(2). The Third Circuit agreed and affirmed the judgment of sentence. It held that both Florida convictions satisfied the elements clause since it would be impossible for a defendant to use a deadly weapon to commit a battery without, at a minimum, threatening to use physical force and because there is no realistic scenario in which Florida's crime of domestic battery by strangulation could be committed without physical force. (Doc. 59-1, at 6).

On June 19, 2020, Defendant filed the present motion to vacate. (Doc. 60). On July 28, 2020, the government filed a brief in opposition. (Doc. 62). Defendant did not file a reply brief and the time to do so has expired.

## II.   STANDARD

When a district court judge imposes a sentence on a defendant who believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255. *See United States v. Eakman*, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A Section 2255 motion "is addressed to the sound discretion of the district court." *United States v. Williams*, 615 F.2d 585, 591 (3d Cir. 1980). A

motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his federal sentence for any error that occurred at or prior to sentencing. *See In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). In order to prevail on a Section 2255 motion to vacate, set aside, or correct a sentence, the defendant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *United States v. Bates*, 2008 WL 80048, at *2 (M.D.Pa. Jan. 7, 2008) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). The defendant bears the burden of proof under Section 2255 and must demonstrate his right to relief by a preponderance of the evidence. *United States v. Ayers*, 938 F.Supp.2d 108, 112 (D.D.C. 2013).

A Section 2255 motion may not be used, however, as a substitute for appeal and therefore claims that could have been, but were not, raised on direct appeal are procedurally defaulted and may not be raised in collateral proceedings under Section 2255. *United States v. Frady*, 456 U.S. 152, 164-65 (1982). Procedural default may be excused only if a defendant can show "either cause and actual prejudice" or "that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that "the right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Thus, under *Strickland*, to prove that his counsel was deficient at trial or sentencing, the defendant must convince the court of two factors, deficient performance by counsel and prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." *Id.* at 687. Satisfying the first factor, deficient performance, requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. *See Marshall v. Cathel*, 428 F.3d 452, 462 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all

significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Strickland*, 466 U.S. at 694). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings . . . not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding." *Id.* (quoting *Strickland*, 466 U.S. at 693). Additionally, counsel cannot be held to be ineffective for failing to pursue a meritless issue. *Werts v. Vaughan*, 228 F.3d 178, 203 (3d Cir. 2000).

Significantly, relief under Section 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the *Strickland* test. See *Strickland*, 466 U.S. at 686. "A failure to make the required showing on either prong defeats a

defendant's ineffective assistance of counsel claim." *Ayers*, 938 F.Supp.2d at 113.

## III.   DISCUSSION

Defendant lists several grounds for his present motion. First, Defendant argues he received ineffective assistance of counsel which caused him to enter his guilty plea despite being actually innocent of Count 2, discharging a firearm in furtherance of a drug trafficking crime. Defendant also appears to argue that his plea was faulty because the Indictment did not allege, and he did not admit during his plea colloquy, that he knew he was a person prohibited from possessing a firearm as is required under *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[1] Additionally, Defendant argues that his Florida convictions were attempt crimes that could not constitute predicate offenses and that, as a result of his counsel's ineffective assistance in failing to argue this point, his base offense level was increased dramatically. Finally, Defendant argues his appellate counsel was ineffective

---

[1] In *Rehaif*, the Supreme Court recently held that the knowledge element of 18 U.S.C. §922(g) "applies to both the defendant's conduct and to the defendant's status [as a career offender]." 139 S.Ct. at 2194. Thus, to convict a defendant, the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.*

for failing to "properly research the legal issues surrounding [the] career offender enhancement under U.S.S.G. §4B1.1, and [to] present appropriate legal arguments in support of [his] position." (Doc. 60, at 10).

With respect to Defendant's first argument regarding Count 2, in order to prove actual innocence, the Defendant must show that it was "more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Here, it is beyond dispute that Defendant cannot meet this burden.

Defendant contends that he discharged his firearm in self-defense and "not [] in furtherance of a drug trafficking offense," and he is therefore innocent of possessing and discharging a firearm in furtherance of a drug trafficking crime. (Doc. 60, at 4). As the government observes, however, self-defense is immaterial here. The fact that Defendant discharged his firearm in self-defense was never in dispute, as the PSR, the court, the government and Defendant himself acknowledged this throughout the proceedings of this case. What Defendant ignores, and what he previously admitted under oath (and does not challenge here), is that he discharged the firearm in self-defense while in the act of selling marijuana to Gregory Newton, (Doc. 56, at 11), thereby discharging the firearm during a drug trafficking crime. Accordingly, Defendant's motion to vacate his Count 2 conviction on the

basis of actual innocence fails. Consequently, Defendant's argument that his counsel was ineffective for advising him to plead guilty to a crime of which he was innocent likewise fails.

Next, with respect to Defendant's *Rehaif* argument, the court notes that this argument is procedurally defaulted because Defendant failed to raise it on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 490-92 (1986) (holding that claims not raised on direct appeal are procedurally defaulted). Defendant's appeal focused exclusively on his arguments that the Florida convictions were not crimes of violence.[2] Defendant did not raise or preserve the issue of his knowledge, or lack thereof, of his prior felonies or his status as a person prohibited from possessing a firearm. Therefore, in order to proceed with this argument, Defendant must establish "cause" and "actual prejudice" or, alternatively, that he is actually innocent. *Bousley*, 523 U.S. at

---

[2] Given that this was the focus of Defendant's appellate counsel, Defendant's argument that his appellate counsel provided ineffective assistance by failing to "research the legal issues surrounding [the] career offender enhancement" or to "present appropriate legal arguments" in support of his position are baseless and will be dismissed. (Doc. 60, at 10). In fact, Defendant's appellate counsel wrote a thoughtful and well-researched 22-page brief, as well as a 12-page reply brief and a 5-page supplemental brief, and presented oral argument to the court. Thus, the notion that appellate counsel failed to research or present the argument is baseless and will not support Defendant's burden of showing his appellate counsel was ineffective.

- 10 -

622. With respect to the former, cause exists where a claim is "so novel that its legal basis is not reasonably available to counsel." *Id.* Defendant cannot demonstrate cause here.

Significantly, although *Rehaif* was decided on June 21, 2019, prior to Defendant filing his appeal on July 12, 2018, "[i]n this circuit, arguments under *Rehaif* are not sufficiently novel in the §2255 context, as the issue was percolating in the courts for years." *United States v. Ramos*, No. 12-549, 2021 WL 229399, at *2 (E.D.Pa. Jan. 22, 2021) (internal quotation marks omitted). "Here, it cannot be said that the question in *Rehaif* was novel where it was repeatedly litigated in circuit courts." *United States v. McLean*, No. 13-487-1, 2020 WL 7384898, at *1 (E.D.Pa. Dec. 16, 2020). Additionally, even if Defendant cited ineffective assistance of counsel as the reason why his direct appeal did not include a *Rehaif* claim, his argument would still fail because, as the Third Circuit has indicated, counsel's performance is not deficient, and therefore does not excuse a procedural default, where the attorney "fail[ed] to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015). Therefore, because Defendant cannot establish cause, the court need not reach the issue of actual prejudice.

"Absent cause, the only way for [Defendant] to avoid procedural default and have his §2255 claim considered on the merits is to make a threshold

showing of 'actual innocence.'" *United States v. Morales-Ortiz*, No. 11-143, 2020 WL 7246913, at *3 (E.D.Pa. Dec. 9, 2020). Once again, this would require Defendant to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Bousey v. United States*, 523 U.S. 614, 622 (1998). As it applies to Defendant's Count 3 conviction, "[w]hile *Rehaif* requires the Government to prove that a defendant knew of his felon status, it does not require proof that a defendant knew his possession of a firearm was illegal." *United States v. Mooty*, No. CR 12-616-01, 2020 WL 7246910, at *3 (E.D.Pa. Dec. 9, 2020) (citing *Rehaif*, 139 S.Ct. at 2196).

In this case, the PSR indicated that, in 2010, Defendant was convicted in Orange County, Florida of the two aforementioned felonies. He served concurrent sentences in these cases—three years in the first[3] and four years in the second—which added up to an aggregate term of four years. Defendant was in prison for over 3 years, until March 22, 2014. It is therefore apparent that Defendant not only knew that he was previously convicted of a crime punishable by more than one year in prison, as required by *Rehaif*,

---

[3] The PSR indicates that Defendant initially received six months' imprisonment and one year of probation for the domestic battery conviction but, upon his arrest for the aggravated battery, his probation was revoked and he was resented to three years' imprisonment.

but also that he actually served several years in prison as a result of those felony convictions. On this record, Defendant can hardly show that he was unaware of his status as a felon and, as a result, he cannot establish actual innocence under the *Rehaif* standard. 139 S.Ct. at 2196.

Accordingly, because Defendant cannot not show either cause and prejudice or actual innocence, he is unable to overcome procedural default and the court must deny his motion to vacate on the basis of *Rehaif*.

Finally, Defendant's argument that his trial counsel was ineffective for "permitting [his] base offense level to be enhanced under §4B1.1" likewise fails. As the Third Circuit noted in affirming Defendant's conviction, while the aggravated battery conviction was not an enumerated offense, it otherwise qualified as a crime of violence under the elements clause. (Doc. 59-1, at 5). Therefore, even if Defendant could establish that counsel's performance was deficient for failing to object to the court's consideration of his aggravated battery conviction as an enumerated offense,[4] he cannot establish prejudice since the result, *i.e.*, the career offender enhancement, would have remained

---

[4] It should be noted that Defendant's trial counsel authored a comprehensive 13-page brief arguing that Defendant's Florida convictions were not crimes of violence, (Doc. 42), and additionally supplemented that brief with argument at the sentencing hearing, (Doc. 57, at 2-6). When the court overruled Defendant's objection, Defendant's counsel ensured the issued was preserved for appeal, (Doc. 57, at 7-8).

the same. Because both prejudice and deficient performance are required, this cannot serve as a basis for vacating his sentence.

As noted above, Defendant's argument that his appellate counsel was ineffective for failing to research issues and present argument as to why his prior felony convictions did not constitute crimes of violence is patently baseless where that issue was the entire focus of Defendant's appeal. Accordingly, Defendant's motion to vacate fails on the basis of ineffective assistance of counsel.

## IV.   EVIDENTIARY HEARING

Although Defendant does not specifically request an evidentiary hearing, in its brief, the government argues that Defendant's motion should be denied without a hearing. The court agrees.

A court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). Here, as set forth above, the record, motion, files, and the applicable law of this case affirmatively indicate that Defendant is not entitled to relief. Therefore, the court finds that Defendant is not entitled to an evidentiary hearing in this matter.

## V.    CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Thus, a defendant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also* *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the issues in this case are straightforward and the court concludes that jurists of reason would not find the court's the disposition of this case debatable. Accordingly, the court will not issue a COA.

## VI.    CONCLUSION

For the reasons set forth above, the court will **DENY** Defendant's motion to vacate. (Doc. 60). The court will not conduct an evidentiary hearing and a COA will not issue.

An appropriate order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 4, 2021**
16-265-01

- 15 -